## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| ALONZO DARRYLL MOREFIELD<br>AIS NO. 237882, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 2:07-cv-080-MHT |
| | ) | |
| KATHY HOLT, | ) | |
| | ) | |
| Defendant. | ) | |

### SPECIAL REPORT AND ANSWER

COMES NOW the Defendant Kathy Holt, by and through undersigned counsel in the above-styled action, and files her Special Report and Answer pursuant to the January 31, 2007 Order of this Honorable Court (Doc. 9) with an extension of time (Doc. 16). Defendant Holt states as follows:

### PLAINTIFF'S ALLEGATIONS

The Plaintiff alleges that Defendant Holt violated his constitutional rights by placing a detainer in his file.

### DEFENDANT

1.      Kathy Holt, Director of Central Records
        Alabama Department of Corrections
        P.O. Box 301501
        Montgomery, Alabama 36130

### DEFENSES

Defendant Holt asserts the following defenses to the Plaintiff's claims:

1

1. Defendant Holt denies each and every material allegation contained in Plaintiff's Complaint and demands strict proof thereof.

2. Defendant Holt pleads not guilty to the charges in Plaintiff's Complaint and demands strict proof thereof.

3. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

4. Plaintiff is not entitled to any of the relief requested.

5. Defendant Holt pleads the defense of qualified immunity and avers that any purported action taken by any of her was reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by Plaintiff.

6. Defendant Holt is entitled to qualified immunity and avers it is clear from the face of the Complaint that Plaintiff has not alleged specific facts indicating that Defendant Holt violated any clearly established constitutional right.

7. Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

8. The allegations contained in Plaintiff's Complaint against Defendant Holt, fails to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against a person sued in her individual capacities. *See Oladeinde v. City of Birmingham*, 963 F. 2d 1481, 1485 (11th Cir. 1992); *Arnold v. Board of Educ. of Escambia County, Ala.*, 880 F. 2d 305, 309 (11th Cir. 1989).

9. Defendant Holt pleads all applicable immunities, including but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

10. Defendant Holt was at all times acting under the color of state law and therefore, she is entitled to substantive immunity.

11. Defendant Holt pleads the general defense.

12. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against Defendant Holt would amount to mere negligence which is not recognized as a deprivation of Plaintiff's constitutional rights.

13. All claims of the Plaintiff against Defendant Holt in her official capacity are barred by the Eleventh Amendment to the United States Constitution.

14. Defendant Holt pleads the affirmative defense that Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render her liable to Plaintiff.

15. Defendant Holt pleads the affirmative defense that Plaintiff has failed to mitigate his own damages.

16. Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. §1997e (a) and as such these claims should be dismissed.

17. Defendant Holt pleads the affirmative defense that she is not guilty of any conduct which would justify the imposition of punitive damages against him and that any such award would violate the United States Constitution.

18. Pursuant to 28 U.S.C. § 1915A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from Defendant Holt who is a state officer entitled to immunity as provided for in 42 U.S.C. § 1997 (e) (c).

19. Defendant Holt reserves the right to raise additional defenses.

3

## DISCLOSURES

In accordance with the January 31, 2007 Special Report Order, Defendant Holt submits the following initial disclosures:

1. Attached affidavits of:

    a.      Kathy Holt, Director of Central Records

2. The following persons may have personal knowledge of the facts relevant to the claims asserted by Plaintiff or the defenses asserted by Defendant Holt:

    Kathy Holt, Director of Central Records

    Mary Ann Little, Assistant Director of Central Records

    Representative of Montgomery County Sheriff's Office

    Plaintiff Alonzo Darryll Morefield

3. Clear and legible copies of the documents relevant to claims or defenses asserted in the action are as follows:

    b.      Inmate Summary Sheet

    c.      Display Warrant Information Sheets

## STATEMENT OF THE FACTS

Plaintiff is an inmate serving an Alabama sentence monitored by the Alabama Department of Corrections. He is currently confined at the Georgia State Prison in Reidsville, Georgia. Plaintiff is serving a 5-year term for three (3) convictions of Impersonating a Peace Officer, one (1) conviction of Kidnapping II and one conviction of Theft of Property II. (Ex. b)

4

## ARGUMENT

Plaintiff is bringing his claims under the provisions of 42 U.S.C. §1983. Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding.

This section "provides a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws or treaties of the United States." *Sasser v. Alabama Department of Corrections*, 373 F.Supp.2d 1276, 1290 (M.D. Ala. 2005) "In order to establish a claim under Section 1983, a plaintiff must show a violation of a right secured by the Constitution of the United States, and also that the deprivation of that right was committed by a person acting under color of state law." *Id.*; see *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994).

In *Gardner v. Howard*, 109 F.3d 427, 429-430 (8th Cir. 1997), the Eighth Circuit held "[q]ualified immunity shields government officials from §1983 damage liability unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" (Citing *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). As the *Sasser* Court stated the threshold question is that of Eleventh Amendment Immunity. *Sasser* at 1291. The Eleventh Amendment immunity "prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781 (1978). Neither a state nor an agency of the state may be made a defendant in any action in federal court under 42 U.S.C. § 1983. *Pugh*, 438 U.S. 781. There are two (2) exceptions: (1) if the State waives its immunity or (2) if Congress has

5

abrogated the immunity of the State. *Carr v. City of Florence, Ala.*, 916 F. 2d 1521, 1524 (11th Cir. 1990).

Article I, §14 of the Alabama Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Defendant Holt contends that as an officer and agent of the State of Alabama that she cannot be made a defendant in any court and is immune from lawsuit. This immunity is pursuant to the provisions of Article I, §14 of the Alabama Constitution. *McDowell-Purcell Inc. v. Bass,* 370 So.2d 942 (Ala. 1979); *Smith v. King*, 615 So.2d 69 (Ala. 1993). Plaintiff may not by-pass immunity by naming a state official or employee as a defendant. *Taylor v. Troy State University*, 437 So.2d 472 (Ala. 1983); *Druid City Hospital Bd. v. Epperson*, 378 So.2d 696 (Ala. 1979) (which holds that the Constitution not only forbids a suit against the state but against its officers and agents in their official capacity when a result favorable to the plaintiffs would directly affect a property right of the state.) As a defense of this case directly affects a property right of the State of Alabama, this suit is barred.

A state officer and employee that is sued in her official capacity and individually is entitled to the sovereign immunity provided by §14 of the Alabama Constitution, when the action, in effect, is an action against the state. *Ex parte Alabama Department of Forensic Sciences*, 709 So.2d 455, 457 (Ala. 1998); citing *Barnes v.* Dale, 530 So.2d 770 (Ala. 1988); *Rutledge v. Baldwin County Comm'n*, 495 So. 2d 49 (Ala. 1986); *Shoals Community College v. Colagross*, 674 So.2d 1311 (Ala. Civ. App. 1995), *cert. denied, Ex parte Colagross*, 674 So.2d 1315 (Ala. 1996). This immunity does not apply "where the state officer or employee is alleged to have illegally, fraudulently, in bad faith, beyond his authority, or under a mistaken interpretation of law, or where the lawsuit seeks to compel the performance of a legal duty or a ministerial act or to enjoin the enforcement of an unconstitutional

6

law, or where the action is brought under the Declaratory Judgment Act." *Ex parte Alabama*

*Department of Forensic Sciences* at 457; citing *Mitchell v. Davis*, 598 So.2d 801 (Ala. 1992);

*Phillips v. Thomas*, 555 So. 2d 81 (Ala. 1989). Thus, Defendant Holt has sovereign immunity

granted by Article I, §14 of the Alabama Constitution.

Article I, §14 of the Alabama Constitution provides "[t]hat the State of Alabama shall

never be made a defendant in any court of law or equity." In *Taylor v. Shoemaker*, 605 So. 2d

828 (Ala. 1992), the Alabama Supreme Court held:

> "The law of this state is clear that the state cannot be sued. Section
> 14 of the Alabama Constitution specifically so provides. Immunity
> also exists for a state officer or employee who has not exceeded his or
> her authority, but has merely negligently performed a statutory duty
> while acting pursuant to statutory authority. *Gill v. Sewell*, 356 So.2d
> 1196 (Ala. 1978). Likewise, consistent with the principle stated in
> *Restatement (Second) of Torts*, § 895D, 'Public Officers' (1974), there
> is immunity when the state officer or employee commits a tort while
> engaged in the exercise of a discretionary function. *Sellers v.
> Thompson*, 452 So.2d 460 (Ala. 1984). In *Phillips v. Thomas*, 555
> So.2d 81, 84 (Ala. 1989), Chief Justice Hornsby, writing for the
> Court, stated: 'This Court has adopted the tort liability rule for public
> officers found in *Restatement (Second) of Torts*, which provides as
> follows:
>
> (1) Except as provided in this Section a public officer is not immune
> from tort liability.
>
> (2) A public officer acting within the general scope of his authority is
> immune from tort liability for an act or omission involving the
> exercise of a judicial or legislative function.
>
> (3) A public officer acting within the general scope of his authority is
> not subject to tort liability for an administrative act or omission if, (a)
> he is immune because engaged in the exercise of a discretionary
> function, (b) he is privileged and does not exceed or abuse the
> privilege, or (c) his conduct was not tortious because he was not
> negligent in the performance of his responsibility. *Restatement*,
> §895D, Public Officers (1977) (emphasis added)...

> In determining what is a discretionary function, this Court has
> recognized certain factors that may be considered, among which are:
> (1) The nature and importance of the function that the officer is
> performing.    Does [the function] involve misfeasance or
> nonfeasance? If nonfeasance, does it involve the failure to provide
> governmental services because of allocation elsewhere of available
> facilities? "....." (3) The extent to which the imposition of liability
> would impair the free exercise of his discretion by the officer. Is this
> function peculiarly sensitive to the imposition of liability? Would the
> liability, if it should be imposed, be for a very substantial amount?
> How far is the mere threat of vexatious suit, with the attendant
> publicity and the possible need of testifying as to the basis on which
> the decision was made, likely to affect the exercise of discretion?
> How likely is the officer to be subjected to frequent accusations for
> wrongful motives?  (4) The extent to which the ultimate financial
> responsibility will fall on the officer. Will his government indemnify
> him?  Is insurance coverage available?... (7) The availability to the
> injured party of other remedies and other forms of relief.  Is the
> government or some third party likely to be liable? Could the injured
> party have avoided the injury by his own action?  Could he have
> insured against it?  *Phillips v. Thomas*, 585 So.2d at 84, quoting,
> *Restatement (Second) of Torts*, §895D 'Public Officers' comment
> (1977) (emphasis supplied.)

Discretionary function provides a state official acting within the general scope of her

authority in performing functions that involve a degree of discretion with immunity from tort

liability. *See Grant v. Davis*, 537 So.2d 7 (Ala. 1988).  The decision of whether a particular state

official is engaged in a discretionary function at the time of the alleged wrongful act is one for the

court. *See Barnes v. Dale*, 530 So.2d 770 (Ala. 1988).

> "Performance of a discretionary function requires an exercise in judgment
> and choice as to what is proper and just under the circumstances. It involves
> the exercise of personal deliberation and judgment, which in turn entrails
> examining the facts, reaching reasoned conclusions, and acting on them in a
> way not specifically directed….A function is discretionary when it devolves
> to the officer to determine whether he should perform a certain act and, if so,
> in what particular way.  If a public employee is required to decide and act
> without fixed or readily ascertainable standards, that act is a discretionary

function." 57 Am. Jur. 2d. *Municipal, County, School and State Tort Liability* §119 (1988).

"A ministerial act envisions direct adherence to a governing rule or standard with a compulsory result. It is performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." *Id.* at §120.

*Ex parte Alabama Department of Forensic Sciences* at 458.

There is a two part analysis that governs an Eighth Amendment challenge to conditions of confinement; first a prisoner must prove that the conditions that he complains of is sufficiently serious to violate Eighth Amendment, and second, under the "subjective component" the prisoner must show that the defendant prison officials acted with sufficiently culpable state of mind with regard to the condition at issue. Severe discomfort is insufficient to establish the objective component. *Chandler v. Crosby*, 17 Fla. L. Weekly Fed. C. 891 (11th CA 2004). Under the objective component, a prisoner must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Specifically, a prisoner must prove "a serious medical need" or the denial of "the minimal civilized measure of life's necessities." *Chandler*, 379 F.3d at 1289-1290; (other citations omitted). "The challenged prison condition must be 'extreme'" and must pose "an unreasonable risk of serious damage to his future health." *Chandler*, 379 F.3d at 1289-90 (quoting *Hudson*, 503 U.S. at 9) (other citation omitted). Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (stating that an individual may be held liable under the Eighth Amendment only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Hudson*, 503 U.S. at 8;

*Wilson v. Seiter,* 501 U.S. 294 (1991). To prove deliberate indifference, the prisoner must show that

the defendant prison official "'acted with a sufficiently culpable state of mind' " with regard to the

serious prison condition or serious medical need in issue. *Chandler,* 379 F.3d at 1289-1290 (quoting

*Hudson,* 503 U.S. at 8). Negligence or even gross negligence does not satisfy this standard. *Id.;*

*Cottrell v. Caldwell,* 85 F.3d 1480, 1490 (11th Cir.1996). Thus, Defendant Holt should not be held

liable for the alleged claims of Plaintiff.

As to the actual detainers that were submitted, each of the three detainers is for notification

purposes. (Ex. a, c)  Two (2) of the notifications relate specifically to his convictions and the Court

has required that Plaintiff be brought before the Court prior to his release. (Ex. a)

Wherefore these premises considered, Defendant Holt prays that this Honorable Court will

find that Plaintiff is not entitled to any relief and this complaint should be dismissed.

Respectfully submitted,

/s/ Kim T. Thomas
KIM T. THOMAS (THO115)
DEPUTY ATTORNEY GENERAL
GENERAL COUNSEL

/s/ Tara S. Knee
TARA S. KNEE (KNE003)
ASSISTANT ATTORNEY GENERAL
ASSISTANT GENERAL COUNSEL

**ADDRESS OF COUNSEL:**

**ALABAMA DEPARTMENT OF CORRECTIONS**
**LEGAL DIVISION**
**301 S. RIPLEY STREET**
**P.O. BOX 301501**
**MONTGOMERY, AL 36130**
**(334) 353-3881**

10

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the foregoing was served upon:

> Inmate Alonzo Darryll Morefield
> AIS #237882
> GA No. 479955
> Georgia State Prison
> 300 1st Avenue
> Reidsville, GA 30453

by placing a copy of same in the United States Mail, first class postage prepaid and properly

addressed this the 26th day of March, 2007.

> /s/ Tara S. Knee
> TARA S. KNEE (KNE003)
> ASSISTANT ATTORNEY GENERAL
> ASSISTANT GENERAL COUNSEL

```
23/MAR/2007      15:20:57     CDSUM     499     L-TARA          CDSUM01     604
-------------------------------------------------------------------------------
AIS: 00237882     INMATE: MOREFIELD, ALONZO DARRYLL          RACE: B   SEX:  M

INST: 611-GEORGIA                    JAIL CR: 0105D DOB: 11/15/1965
SSN: ████████████ PAR CONS DT: 00/0000  CURR CUST: OTW5  CURR CUST DT:11/16/2004
ALIAS:                          ALIAS:
ADM TP: NEW COMMITMENT - SPLIT SENTEN  STATUS: NEW COMMITMENT - SPLIT SENTENC
INIT SENT DT:11/16/2004 ADM DT: 11/16/2004 DEAD TIME: 00Y 00M 00D
                               N                                        TY
COUNTY       SENT DT    CASE   L  CRIME                        TERM      PE
MONTGOMERY 11/16/2004 001043 Y  IMPERSONATING PEACE OFFICER    05Y00M00D CS
MONTGOMERY 11/16/2004 001045 Y  IMPERSONATING PEACE OFFICER    05Y00M00D CC
MONTGOMERY 11/16/2004 001045 Y  KIDNAPPING II                  05Y00M00D CC
MONTGOMERY 11/16/2004 001045 Y  THEFT OF PROPERTY II           05Y00M00D CC
MONTGOMERY 11/16/2004 001044 Y  IMPERSONATING PEACE OFFICER    05Y00M00D CC
                    NO MORE RCDS THIS TYPE AVAIL
INMATE HAS 000DISCIPLINARIES RESULTING IN LOSS OF 000Y00M00D OF GOOD TIME.
INMATE HAS 002TRANSFER RECORDS ON FILE.
INMATE HAS 03 DETAINER/WARRANT RECORDS ON FILE.
 TOTAL   TERM   REV GOOD TIME   MIN REL DT   TOT GOOD TIME   SHORT DATE  LONG DATE
005Y 00M 00D  000Y 00M 00D   07/30/2009   000Y 00M 00D   07/30/2009  07/30/2009
```



DEFENDANT'S EXHIBIT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Alonzo Darryll Morefield, AIS No. 237882 | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO. CV-07-080 |
| | ) | |
| Kathy Holt | ) | |
| Defendant | ) | |

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared one Kathy Holt, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Kathy Holt. I am presently employed by the State of Alabama, Department of Corrections, as Correctional Records Director, 301 South Ripley Street, Montgomery, Alabama 36104.

This is to certify that Inmate Alonzo Darryll Morefield, AIS No. 237882, was sentenced November 16, 2004 to a term of five years on cases CC2004-1043, CC2004-1044, and CC2004-1045. Cases CC2004-1043, CC2004-1044, and CC2004-1045 are split sentences, and cases CC2004-1043 and CC2004-1044 require the inmate to be brought back before the court prior to release. The detainer lodged against Inmate Morefield is a notification only detainer. See attached inmate summary which identifies the detainer as a notification only detainer.

KATHY HOLT
Director of Records

SWORN TO AND SUBSCRIBED BEFORE ME
THIS THE 12th DAY OF MARCH, 2007

KIMBERLY WHITNEY, NOTARY PUBLIC
State of Alabama at Large
My Commission Expires October 27, 2009

cc:   ICRF

TO:   Tara S. Knee, Legal Division



```
                         ALABAMA DEPARTMENT OF CORRECTIONS
COR710-3                 INMATE SUMMARY AS OF 03/14/2007              CODE: CF SUM

***********************************************************************************

AIS: 00003958    INMATE: HOREFIELD, ALONZO DARRYLL        RACE: B  SEX: M

INST: 011 - GKAROIA                          DORM:  00  JAIL CR: COCY CSN 150

DOB: 11/15/1958  SSN: 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

ADM DT: 11/16/2004 DEAD TIME: CCCY CCM CCU

ADM TYP: NEW COMMITMENT - SPLIT SENTENC    STAT: NEW COMMITMENT - SPLIT SENTENC

CURRENT CUST: CTMPS   CURRENT CUST DT: 11/16/2004  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT440 LAW IN CLASS IV           CURRENT CLASS DATE:  11/16/2004
INMATE IS EARNING : STRAIGHT TIME

COUNTY       SENT DT  CASE NO  CRIME                         JUDGE     TERM
MONTGOMERY 11/16/04 NC4TC1043 IMPERSONATING PEACE OFFICE   01058 CCSY CCM CCD CS
                    3YRS PROBATION
         ATTORNEY FEES : $0000000    HABITUAL OFFENDER : Y
         COURT COSTS   : $0000623    FINES : $0000000    RESTITUTION : $0000000
MONTGOMERY 11/16/04 NC4TC1045 IMPERSONATING PEACE OFFICE   01058 CCSY CCM CCD CC
                    CT 1 3YRS PROBATION
         ATTORNEY FEES : $0000000    HABITUAL OFFENDER : Y
         COURT COSTS   : $0000815    FINES : $0000000    RESTITUTION : $0001003
MONTGOMERY 11/16/04 NC4TC1045 KIDNAPPING II               01058 CCSY CCM CCD CC
                    CT 2 3YRS PROBATION
         ATTORNEY FEES : $0000000    HABITUAL OFFENDER : Y
MONTGOMERY 11/16/04 NC4TC1045 THEFT OF PROPERTY II         01058 CCSY CCM CCD CC
                    CTS 5 & 6 3YRS PROBATION
         ATTORNEY FEES : $0000000    HABITUAL OFFENDER : Y
MONTGOMERY 11/16/04 NC4TC1044 IMPERSONATING PEACE OFFICE   01058 CCSY CCM CCD CC
                    COUNT 1
         ATTORNEY FEES : $0000000    HABITUAL OFFENDER : Y
         COURT COSTS   : $0000815    FINES : $0000000    RESTITUTION : $0000019

  TOTAL TERM        MIN REL DT    GOOD TIME BAL     GOOD TIME REV     LONG DATE
CCSY DCM CCD     07/30/2009     CCCY CCM CCD      CCCY CCM CCD      07/30/2009

INMATE LITERAL: CCM/GA CASES; RTN TO COURT PRIOR TO RELEASE
***********************************************************************************

DETAINER WARRANTS SUMMARY

>DET DNT 08/08/2015 TYPE NOTIFICATION ONLY          AL DEPARTMENT OF CORRECTIONS
    LITERAL: GA DOC/REL 1C - 7-0000                SEQ #: 03     CASE #: 1F479900
    OFFENSE: CCM - UNKNOWN

>DET DNT 11/15/2004 TYPE NOTIFICATION ONLY          MONTGOMERY CO S.O.
    LITERAL: CTS 5 & 4 81YR CC W/STATE             SEQ #: 01     CASE #: CC04-1045
    OFFENSE: 2034 - THEFT OF PROPERTY III


                         CONTINUED ON NEXT PAGE
```

```
CSR716*2                    ALABAMA DEPARTMENT OF CORRECTIONS
                            INMATE SUMMARY AS OF 02/14/2007              CODE: CRSUM


*********************************   CONTINUATION   *************************************

AIS: XXX37001     INMATE: HOPEFIELD, ALONZO DARRYLL          RACE: B   SEX: M

***************************************************************************************

DETAINER WARRANTS SUMMARY

>DET WRT 11/16/2004 TYPE NOTIFICATION ONLY           MONTGOMERY CO SO
     LITERAL: 2CTS: 1YR COW/STATE               SEQ #: 01       CASE #: CC04-1044
     OFFENSE: 1634 - THEFT OF PROPERTY III
***************************************************************************************

ESCAPEE/PAROLE SUMMARY

     INMATE CURRENTLY HAS NO PAROLE RECORDS

     INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

     INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING O
***************************************************************************************

DISCIPLINARY/CITATION SUMMARY

     INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS
```

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Alonzo Darryll Morefield, ASI No. 237882 | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CASE NO. CV-06-0805 |
| | ) | |
| Kathy Holt | ) | |
| Defendant | ) | |

## A F F I D A V I T

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared one Kathy Holt, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Kathy Holt. I am presently employed by the State of Alabama, Department of Corrections, as Correctional Records Director, 301 South Ripley Street, Montgomery, Alabama 36104.

This is to certify that Inmate Alonzo Darryll Morefield, AIS No. 237882, was sentenced November 16, 2004 to a term of five years on cases CC2004-1043, CC2004-1044, and CC2004-1045. Cases CC2004-1043, CC2004-1044, and CC2004-1045 are split sentences, and cases CC2004-1043 and CC204-1044 require the inmate to be brought back before the court prior to release. The detainer lodged against Inmate Morefield is a notification only detainer. See attached inmate summary which identifies the detainer as a notification only detainer.

KATHY HOLT
Director of Records

SWORN TO AND SUBSCRIBED BEFORE ME
THIS THE 12th DAY OF MARCH 2007

KIMBERLY WHITNEY, NOTARY PUBLIC
State of Alabama at Large
My Commission Expires October 27, 2009

cc:    ICRF                                    TO:    Tara S. Knee, Legal Division

ALABAMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 02/14/2007

CODE: CFSUM

AIS: 00157330    INMATE: MERRIFIELD, ALONZO DARRYLL    RACE: B  SEX: M

INST: 011 - BIBB/DIX    DORM: 00    JAIL CR: 000Y 03M 15D

DOB: 12/15/1938  SSN: 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

ADM DT: 11/16/2004 DEAD TIME: 000Y 00M 00D

ADM TYP: NEW COMMITMENT - SPLIT SENTENC    STAT: NEW COMMITMENT - SPLIT SENTENC

CURRENT CUST: GTW/S    CURRENT CUST DT: 12/16/2004  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT448 LAW IN CLASS IV    CURRENT CLASS DATE:    11/16/2004
INMATE IS EARNING : STRAIGHT TIME

COUNTY    SENT DT  CASE NO  CRIME                           OFFDR    TERM
MONTGOMERY 11/16/04 CC4001043 IMPERSONATING PEACE OFFICE   01Y5D 000Y 00M 00D CS
                                3YRS PROBATION
          ATTORNEY FEES : $00000    HABITUAL OFFENDER : Y
          COURT COSTS   : $0000023    FINES : $0000000    RESTITUTION : $0000000
MONTGOMERY 11/16/04 CC4001045 IMPERSONATING PEACE OFFICE   01Y5D 000Y 00M 00D CC
                                CT 1:3YRS PROBATION
          ATTORNEY FEES : $00000    HABITUAL OFFENDER : Y
          COURT COSTS   : $000815    FINES : $0000000    RESTITUTION : $0000008
MONTGOMERY 11/16/04 CC4001045 KIDNAPPING II               01Y5D 000Y 00M 00D CC
                                CT 2:3YRS PROBATION
          ATTORNEY FEES : $00000    HABITUAL OFFENDER : Y
MONTGOMERY 11/16/04 CC4001045 THEFT OF PROPERTY II        01Y5D 000Y 00M 00D CC
                                CTS 5 & 6: 3YRS PROBATION
          ATTORNEY FEES : $00000    HABITUAL OFFENDER : Y
MONTGOMERY 11/16/04 CC4001044 IMPERSONATING PEACE OFFICE   01Y5D 000Y 00M 00D CC
                                COUNT 1
          ATTORNEY FEES : $00000    HABITUAL OFFENDER : Y
          COURT COSTS   : $000815    FINES : $0000000    RESTITUTION : $0000019

 TOTAL TERM       MIN REL DT    GOOD TIME BAL     GOOD TIME REV     LONG DATE
000Y 00M 00D     07/30/2009    000Y 00M 00D      000Y 00M 00D      07/30/2009

INMATE LITERAL: CCM/GA CASES; RTN TO COURT PRIOR TO RELEASE

DETAINER WARRANTS SUMMARY

>DET WRT 10/18/1995 TYPE NOTIFICATION ONLY          AL DEPARTMENT OF CORRECTIONS
    LITERAL: GA DOC/REL 10-7-1996                    SEQ #: 00    CASE #: LF479956
    OFFENSE: CONV - UNKNOWN

>DET WRT 11/16/2004 TYPE NOTIFICATION ONLY          MONTGOMERY CO S.O.
    LITERAL: CTS 5 & 6:3YR CC W/STATE                SEQ #: 01    CASE #: CC04-1045
    OFFENSE: CCM/GA - THEFT OF PROPERTY III

CONTINUED ON NEXT PAGE

```
                          ALABAMA DEPARTMENT OF CORRECTIONS
CBCV161 1                  INMATE SUMMARY AS OF 02/14/2007           CODE: CRSUM

****************************************  CONTINUATION  ****************************************

AIS: 00207802    INMATE: MERRFIELD, ALONZO DARRYLL          RACE: B  SEX: M

****************************************************************************************************

DETAINER WARRANTS SUMMARY

>DET WRT 11/15/2004 TYPE NOTIFICATION ONLY          MONTGOMERY CO SO
    LITERAL: DETS: DYR COW/STATE              SEQ #: 01    CASE #: CC04-1044
    OFFENSE: CASH - THEFT OF PROPERTY III
****************************************************************************************************

ESCAPEE/PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE CURRENTLY HAS NO PROBATION 754 RECORDS

    INMATE HAS NO ESCAPES FROM ADOC SINCE OBSCIS RECORDING B
****************************************************************************************************

DISCIPLINARY/CITATION SUMMARY

    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS
```

```
 23/MAR/2007      15:21:44     CDDWD     499    L-TARA      CDDWD01    453
-----------------------------------------------------------------------------
PAGE
A I S NUMBER: 00237882       COMMITMENT NAME: MOREFIELD, ALONZO DARRYLL
SEQUENCE #: 03               LTD DATE: 06/08/2005
RECVD DATE: 06/08/2005 DW TYPE : 8      NOTIFICATION ONLY
SERVED DTE: 00/00/0000 OFFENSE : 000    UNKNOWN
RETURN DTE: 00/00/0000

CANC  DATE: 00/00/0000 REASON  : 0       NOT CANCELLED
COMMENTS  : GA DOC/REL 10-7-2020
AGENCY NAME : AL DEPARTMENT OF CORRECTIONS
STR ADRESS  : CENTRAL RECORDS OFFICE
CITY        : MONTGOMERY                 STATE: AL    ZIP : 361300000
CASE NUMBER : EF479955


              ******  MORE DATA AVAILABLE  ******
```



```
  23/MAR/2007      15:22:10     CDDWD      499      L-TARA        CDDWD01     453
-------------------------------------------------------------------------------
PAGE
A I S NUMBER: 00237882        COMMITMENT NAME: MOREFIELD, ALONZO DARRYLL
SEQUENCE #: 02                LTD DATE: 03/30/2005
RECVD DATE: 11/16/2004 DW TYPE : 8     NOTIFICATION ONLY
SERVED DTE: 00/00/0000 OFFENSE : 203M  THEFT OF PROPERTY III
RETURN DTE: 00/00/0000


CANC  DATE: 00/00/0000 REASON  : 0      NOT CANCELLED
COMMENTS   : CTS 3 & 4;1YR CC W/STATE
AGENCY NAME : MONTGOMERY CO S.O.
STR ADRESS  : 115 PERRY ST
CITY        : MONTGOMERY                    STATE: AL    ZIP : 361040000
CASE NUMBER : CC04-1045


          *******  MORE DATA AVAILABLE  *******
```

```
23/MAR/2007      15:22:26    CDDWD    499    L-TARA        CDDWD01    453
------------------------------------------------------------------------------
PAGE
A I S NUMBER: 00237882        COMMITMENT NAME: MOREFIELD, ALONZO DARRYLL
SEQUENCE #: 01            LTD DATE: 02/28/2005
RECVD DATE: 11/16/2004 DW TYPE : 8      NOTIFICATION ONLY
SERVED DTE: 00/00/0000 OFFENSE : 203M   THEFT OF PROPERTY III
RETURN DTE: 00/00/0000

CANC  DATE: 00/00/0000 REASON  : 0       NOT CANCELLED
COMMENTS  : 2CTS; 1YR CCW/STATE
AGENCY NAME : MONTGOMERY CO SO
STR ADRESS  : 115 PERRY ST
CITY        : MONTGOMERY                 STATE: AL    ZIP : 361040000
CASE NUMBER : CC04-1044


        ***  END OF DETAINER WARRANT DATA ***
```