IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ALONZO MOREFIELD, JR.,
PLAINTIFF,

vs.

KATHY HOLT, INDIVIDUALLY AND IN
OFFICIAL CAPACITY ACTING UNDER
COLOR OF STATE LAW,
DEFENDANT.

CIVIL ACTION NO.:
2:07-CV-080-MHT

## Response to Special Report and Answer by Defendant

Comes now Plaintiff, pro se, in above styled case files this Response to Kathy Holt's Special Report and Answer. Plaintiff sayeth the following:

1. Any person, while acting under color of state law who deprives any citizen of United States of his Constitutional Rights may be held liable under 42 U.S.C. 1983. Plaintiff must show causal connection of Defendants violation Rights to hold officials Responsible. Also Plaintiff must show Defendant knew policy and deliberately was indifferent to it subjectively knew of the substantial Risk and knowingly and recklessly disregarded policy or failed to take reasonable measures to abate it. LAMARCA, 995 F.2d. at 1535.

2. If Prison staff had knowledge of policy is a question of fact subject to demonstrate in the usual way including inference from constitutional evidence. FARMER, 511 U.S. at 214, S. Ct. 1981. A factfinder may conclude a prison official knew substantial risk as it was obvious.

3. Eleventh Amendment does not insulate state officials acting in their official capacities from suit for prospective injunctive relief to remedy violations of Federal constitutional laws. EDELMAN v. JORDAN, 415 U.S. 651, 664-671, 94 S. Ct. 1347.

4. Also Eleventh Amendment does not bar monetary relief, including cost ancillary to the prospective injunctive relief. KENTUCKY v. GRAHAM, 473, U.S. 159, 169, 18, 165 S. Ct. 3099.

5. Genuine issue of material fact is genuine when supported by evidence and possesses evidence necessary to determine the issue.

6. To prevail against Defendant in their individual capacity, Plaintiff must show prison staff were individually and personally involved in acts or omissions that resulted in constitutional deprivation.

## Reply to Defenses

I. Defendant avers many defenses most of which are unsubstantiated by federal law and some are misconcluded in a attempt to mislead the court. Plaintiff has stated a appropriate claim upon relief can be granted. In 42 U.S.C. 1983, rules require short plain statement of the claim showing that the pleader is entitled to relief. Thus Plaintiff takes exception to Defendants averment.

II. Defendant states she pleads qualified immunity which in and of itself is barred in this matter. Defendant can not claim immunity under federal law consequently in the next line it states, "Any porported action taken by Defendant was reasonable and in good faith with reference to clearly established law at the time of the incident complained by Plaintiff." The court should not be swayed by this rhetoric. Defendant is attempting to cover herself in event the court finds her liable.

III. Plaintiff does state in his complaint that Defendant was individually and personally involved in acts or omissions that resulted in constitutional deprivation thus adhereing to Rule 8 in 1983 cases.

IV. Kathy Holt is a state employee and pursuant to federal law, is not entitled to substantive or any other immunity.

V. Plaintiff concludes that initially Defendant was negligent. After numerous letters sent to Defendant informing her of the harm said detainer was doing. Negligence was converted to intentional indifference and deprivation of Plaintiffs constitutional rights.

VI. All claims against Defendant in her official capacity are firmly supported by evidence and not barred by eleventh amendment to the U.S. Constitution.

VII. Plaintiff has exhausted his administrative remedies and appealed adverse decision to the highest Georgia Correctional Administrative Division. Plaintiff has in his possession the written decision in that administrative remedy procedure. Plaintiff has no access to have these documents duplicated and Plaintiff is indigent and unable to pay any cost associated with photocoping of theses documents.

VIII. All monetary, compensatory and punitive damages cited in initial complaint stands firm.

~2~

IX. Plaintiff has complied with Federal Law in his initial and so submitted response and ask this Court to infer that Complaint filed under 42 U.S.C. 1983 is well petitioned and will proceed to have a jury decide the merits of this case.

## Response to Arguments

Defendants actions clearly violate established statutory and constitutional rights of which a reasonable person would have known. Defendent is not entitled to immunity shields.

Defendant Holt is not a state or state agency. She is a employee acting under color of state law. Thus making Kathy Holt liable to Plaintiff in claims stated in initial petition. The state of Alabama is NOT listed as a defendant in this action. Kathy Holt can, under Federal Law, be named a defendant in this action.

Defendant contends under Alabama Constitution that Kathy Holt is entitled to sovereign immunity when the action is against a state. Plaintiff takes exception to this clause as the action in this case is against Kathy Holt not the state of Alabama. Kathy Holts actions were intentionally malfeasance and nonfeasance. Kathy Holt acted with sufficiently culpable state of mind with regard to the condition at issue. Defendant has acted with severe and deliberate indifference to cause harm and injury to Plaintiff. Hudson 503 U.S. at 8; Wilson v. Seiter, 501 U.S. 294 (1991)

Plaintiff again asserts that said detainer was placed serving no effect other than to cause harm to Plaintiff and prevent programing or be considered for privileges. Alabama sentence will expire eleven (11) years before Plaintiffs Georgia sentence expires. Defendant states that detainer is notification only. This is inaccurate as the state of Georgia has posted a active detainer on Plaintiffs file not a notification only. Plaintiff has the documents to substantiate the detainer as active not notification only. (See attached affidavit) Plaintiff is indigent and unable to pay to have copies made.

Wherefore these responses considered, Plaintiff prays that this Honorable Court will conclude that Plaintiff is entitled to redress and impanel a jury to decide the merits of this case.

Respectfully Submitted,

Alonzo Morefield, Jr.
Plaintiff, Pro Se

by: _____

## Certificate of Service

This will certify that a copy of the foregoing was served on Defendant by and through Clerk's office, U.S. District Court forwarding the same via U.S. Mail postage thereon Addressed to:

Alabama Department of Corrections Legal Division
ATTN: Tara S. Knee, Assistant General Counsel
RE: Morefield vs Holt
3018 Ripley Street, P.O. Box 301501
Montgomery, AL. 36130

This 5th day of April, 2007.

_____

Alonzo Morefield, Jr.
I.D. No. 479955
Georgia State Prison
300 First Avenue
Reidsville, GA. 30453

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

Alonzo Morefield, Jr.,        )
Plaintiff                     )
                              )
    vs-                       )   CASE NO.: 2:07-CV-080-MHT
                              )
                              )
Kathy Holt,                   )
Defendant.                    )
                              )

## AFFIDAVIT

Alonzo Morefield, Jr Declares he Is the Plaintiff In Above Styled Action comes to make the following Statement under Oath and Subject to the Penalty of Perjury Sayeth the Following:

The Special Report and Answer Filed by Defendant Lists the Detainer In Question as a Notification Only. (see page 10 of Answer and Attachments) Plaintiff Avers that the Georgia Department of Corrections (GDC) Does Not Recognize Said Detainer as a Notification Only or it would clearly be marked. The Differences Are Described As Follows. A Notification Only Detainer Recognized by GDC will Read And Appear As Such:

### Special Notification

Dear Sir;
This Is to Acknowledge your communication of recent date relative to a pending sentence to be served by the above named Inmate upon completion of his state sentence which he is now serving.
You Are Advised That your communication has been Included on this Inmate Case File In Our Records. (Paraphrasing the Remainder) "Under A official Ruling of the Attorney General of Georgia your Request Must be Considered only as A Special Notification and can not be treated as a Detainer. You Must Assume Custody of this Inmate on the date of his Discharge."

The Above Is A Paraphrased Version of what the GDC would List as a Notification only Detainer. The Following is what The GDC has on File From Kathy Holt of the Alabama Department of Corrections and No other Detainer From Any other Agency is on File or Active.

Subject: Request for Detainer (see attached detainer for charges)

Dear Sir,

Your detainer is acknowledged and has been filed against the above named inmate. By copy of this notification the Warden having physical custody of the inmate will be instructed to inform the inmate of the source or content of your detainer.

Our files have been marked to show that you are to be advised approximately Thirty (30) days in advance of this inmates release date so you may arrange to take custody of him.

In the event the charges pending against this inmate are withdrawn prior to the expiration of his penitentiary sentence, it is requested that you advise us.

by: /s/ Calvin J. Brown
Director, Inmate Administration
2 Martin Luther King Jr. Drive SE
Room 756, East Tower
Atlanta, GA. 30334

As you can determine the two detainers are different in there verbage, meaning and application. Although Alabama Dept. of Corrections file shows a notification only detainer, the GDC recognizes there detainer as a active detainer. Plaintiff further avers that any detainer would serve no effect other than harm plaintiff as detainers are unfavorable deduction or additions on determining plaintiffs security level, privileges, job assignments, status on escorted or unescorted leave from prison grounds, also parole, probation and any early release qualifier.

Plaintiff, however, is not eligible for any form of early release pursuant to D.C.G.A. 17-10-6.1. Plaintiffs Alabama sentence ends July 2009 and his Georgia sentence ends 10-2020, Thus said detainer serves no effect. In the circuit court order it states, "If Defendant (Morefield) is Released, he is ordered to report to the Montgomery County Alabama Probation office within 24 hours of Release."

~2~

Questions or Verification of this Affidavit can be Received by Calling the Georgia Department of Corrections Inmate Administration Director Calvin J. Brown or his Designee At (404) 656-4712 or Fax 404-651-8335.

Respectfully Submitted,
Alonzo Morefield, Jr.
Plaintiff, Pro Se

by: *[signature]*

## Verification

I am the Plaintiff in this Action and know the Contents of this Affidavit. I verify that all Information given hereto is True. I have read the Perjury Statue and are aware of the Penalties for giving any False Information in State and Federal Proceedings. This 5th day of April, 2007.

*[signature]*

Alonzo Morefield, Jr.

I.D. No. 479855
Georgia State Prison
300 First Avenue
Reidsville, GA. 30453

~3~

Tywonzo Morefield, Jr. 1677228
GA. State Prison
2164 GA. Hwy 147
Reidsville, GA 30499

LEGAL
MAIL

Debra P. Hackto, Clerk.
U.S. Dist. Court, Middle Dist. of Alabama
P.O. Box 711
Montgomery, AL. 36101-0711

Envelope sent for service May
mail out on 4/5/07. Check
Post Mark of Outgoing Prison
Stamp Throughout